ROBERT P. SMITH, Jr., Judge.
This is an appeal from a directed verdict entered by the trial court, at the close of plaintiff’s evidence. Appellant, plaintiff below, brought this suit against Appel-lee/MontgOmery, in his capacity as Chief of the Jacksonville Correctional Institution, and Appellee/Carson, as Sheriff of the City of Jacksonville. This action arose from an incident which occurred when plaintiff was incarcerated in the Jacksonville Correctional Institution.
Plaintiff was a “juvenile on court order,” i. e., one certified by court order to be prosecuted as an adult. He was housed in the Jacksonville Correctional Institution, in a cell with five other juveniles on court order, all of whom, including plaintiff, had previously been adjudged to have committed a crime. Plaintiff alleged that he was repeatedly homosexually raped by two of the juveniles with whom he was incarcerated.
The gist of plaintiff’s action is that he was negligently housed with other juveniles on court order, in violation of Rule 33-8.-05(2), Rules and Regulations of the State of Florida. Rule 33-8.05(2) provides:
Juveniles on court order shall not be placed in the same cell with any other adult or juvenile alleged to have committed, or who has been adjudged to have committed, a crime.
Defendants moved for a directed verdict at the close of plaintiff’s case on the grounds that since plaintiff was previously adjudicated a felon, he was to be treated as an adult for incarceration purposes and, therefore, did not come within the purview of the rule. The trial court apparently agreed with defendants’ reasoning, and granted their motion for directed verdict. We disagree and reverse.
Rule 33-8.05(2) applies only to county and municipal detention facilities, such as the Jacksonville Correctional Institution. Further, the only type of juvenile which can be housed in a county or municipal detention facility is a “juvenile on court order,” as all other juveniles are housed in facilities operated by the Department of Health and Rehabilitative Services, pursuant to § 39.11, Florida Statutes. Therefore, we construe the word juvenile in the rule as referring to “juveniles on court order.” Thus, we construe the rule as prohibiting juveniles on court order from being housed with any other adult or juvenile on court order who has been charged with or convicted of committing a crime. Of course, this requires that juveniles on court order be housed alone, both before and after standing trial.
In the instant case, the authorities at the Jacksonville Correctional Institution have traditionally made a distinction between those juveniles on court order who have been convicted of a crime, and those who have not yet gone to trial. Pre-trial juveniles on court order are housed alone, whereas those already convicted are housed with others of the same status. We see no basis for such a distinction under the rule.
*1243 We are mindful of the fact that had the drafters of the rule intended it to require that juveniles on court order not be housed with any other person, it would have been simple to state just that. However, while the wordiness of the rule may actually serve to obfuscate its purpose, we feel that the inclusion of the phrase: “alleged to have committed, or who has been adjudged to have committed, a crime,” was meant to clarify the intention that juveniles on court order not be housed with any other person, regardless of that person’s status. In other words, the rule was designed to prevent just the type of distinction made by the Jacksonville Correctional Institution, between pre-trial and post-conviction juveniles on court order.
For these reasons, we find that plaintiff did come within the purview of Rule 33-8.-05(2), Rules and Regulations of the State of Florida, and the trial court erred in directing a verdict for defendants. Accordingly, final judgment for defendants entered on the directed verdict is reversed and the cause is remanded for a new trial.
SHAW, J., concurs.
BOOTH, J., dissents without opinion.